Merrimack, }
Dec. 5, 1911. }

### ADAMS & a., *Trustees*, v. PAGE & a.

Heirs-at-law who unsuccessfully attempt to defeat a testamentary trust and to obtain possession of the fund are not entitled to an allowance out of the trust estate for their counsel fees and costs.

MOTION, by the heirs of Sally H. Proctor, that they be allowed counsel fees and costs in the above action out of the trust fund. The court ruled as matter of law that upon the facts disclosed in the case they were not entitled to the allowance and on that ground denied the motion, and the heirs excepted. The court also found that if the heirs were entitled as matter of law to be paid out of

the fund, their reasonable counsel fees, costs, and expenditures were $250, and that they should be paid that sum. Transferred from the April term, 1911, of the superior court by *Wallace*, C. J.

*Leach, Stevens & Couch*, for the plaintiffs.

*Niles & Upton*, for the defendants.

BINGHAM, J. In 1899, Sally H. Proctor died leaving a will in which she bequeathed and devised the residue of her estate, real and personal, to trustees "for the establishment and maintenance of a hospital in said Franklin, to be known as the Proctor Hospital." Her executor administered upon the estate, and in January, 1901, turned over the residue to the trustees. In 1910, a hospital association was formed in Franklin and a hospital was established known as the Franklin Hospital. Shortly after the establishment of this association, the trustees of the Proctor fund petitioned the court for advice as to the residuary clause in the will, and in particular requested information as to whether the trust fund could be transferred to the Franklin Hospital Association, providing the income was used for some purpose connected with the hospital with which the name of Proctor could be associated. The heirs of the testatrix appeared in this proceeding, filed a demurrer and answer, and made the contention that the petitioners were not entitled to the relief prayed for because the trust was void as impossible of performance and because the testatrix had manifested no general intention or purpose to be carried out; that she therefore died intestate as to the residue, and the fund passed to them as her heirs. It was ruled and found in the superior court that the general and controlling purpose of the testatrix, as manifested in the residuary clause of the will, was to provide hospital accommodations for people living in Franklin and vicinity; that although the precise manner provided for carrying out her purpose was impracticable, her general intention could be effected by turning over the fund to the Hospital Association to hold in trust, the income to be used to maintain a ward in the hospital to be known as the Proctor ward, and it was so decreed. To this decree the heirs excepted, and the case was transferred to this court, where they again made the same contention and with the same result, the decree of the superior court being affirmed. *Adams* v. *Page, ante,* 96. This decision being certified to the superior court, the heirs

at the April term, 1911, moved that they be allowed their counsel fees and costs out of the trust fund. The superior court ruled as a matter of law that they were not entitled to them and on that ground denied their motion, and they excepted.

From the foregoing recital it appears that the course taken by the heirs was not for the protection of the trust fund and as an aid to the trustees in carrying out the purpose of the testatrix, but was an unsuccessful attempt on their part to have the bequest to the trustees declared void, the fund turned over to themselves as heirs-at-law, and to defeat the testator's general purpose to provide hospital accommodations for the people of Franklin and vicinity. Under such circumstances the defeated party is not entitled as matter of law to recover costs of his adversary, or to be reimbursed for costs and expenses out of the trust fund. Indeed, the case presents no legal or equitable ground in support of their contention. *Kimball* v. *Society*, 65 N. H. 139, 158–163; *Bean* v. *Bean*, 74 N. H. 404.

*Exception overruled.*

PARSONS, C. J., did not sit: the others concurred.